J-S24045-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| FALANDEZ MONROE JAMES, | : | |
| | : | |
| Appellant | : | No. 3516 EDA 2014 |

Appeal from the PCRA Order entered on September 30, 2014
in the Court of Common Pleas of Chester County,
Criminal Division, No. CP-15-CR-0002751-2010

BEFORE: GANTMAN, P.J., ALLEN and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.: **FILED MAY 11, 2015**

Falandez Monroe James ("James") appeals the Order denying his first

Petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1]

Additionally, James's appellate counsel, Maria Heller, Esquire ("Attorney

Heller"), has filed a Petition to Withdraw as counsel and an accompanying

---

[1] **See** 42 Pa.C.S.A. §§ 9541-9546.

brief (hereinafter the "***Turner/Finley*** brief").[2]  We grant Attorney Heller's Petition to Withdraw and affirm the PCRA court's Order.

On November 4, 2011, a jury convicted James of one count each of voluntary manslaughter, firearms not to be carried without a license and persons not to possess firearms.[3]  The trial court sentenced James to serve an aggregate prison sentence of fifteen to thirty-three years.  On September 17, 2013, this Court affirmed James's judgment of sentence.  ***See Commonwealth v. James***, 87 A.3d 384 (Pa. Super. 2013) (unpublished memorandum).[4]

On November 4, 2013, James, *pro se*, filed the instant PCRA Petition.  The PCRA court appointed PCRA counsel, who filed an amended Petition.  Following a hearing, the PCRA court denied the Petition on September 30, 2014.  James, *pro se*, filed a timely Notice of Appeal, and the PCRA court

---

[2] Attorney Heller erroneously seeks to withdraw under ***Anders v. California***, 386 U.S. 738 (1967), which applies when counsel seeks to withdraw from representation on direct appeal.  When, as in this case, counsel seeks to withdraw from representation on collateral appeal, the dictates of ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*), are applicable.  However, because an ***Anders*** brief provides greater protection to a defendant, this Court may accept an ***Anders*** brief in lieu of a ***Turner/Finley*** "no merit" letter.  ***See Commonwealth v. Reed***, 107 A.3d 137, 139 n.5 (Pa. Super. 2014).  We will refer to Attorney Heller's ***Anders*** brief as a ***Turner/Finley*** brief.

[3] ***See*** 18 Pa.C.S.A. §§ 2503, 6106(a)(1), 6105(a).

[4] The facts giving rise to James's conviction are set forth in this Court's prior Opinion affirming James's judgment of sentence.  ***See James***, 87 A.3d 384 (unpublished memorandum, at 1-6).

- 2 -

appointed Attorney Heller as appellate counsel. In response to the PCRA court's Order to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b), Attorney Heller filed with this Court a notice of intent to withdraw, and thereafter filed a Petition to Withdraw as counsel and a *Turner/Finley* brief.

In the *Turner/Finley* brief, Attorney Heller raises the following issues for our review:

1. Whether the PCRA court erred in denying relief based on [] trial counsel's ineffectiveness for failing to interview Duboise Perry ["Ms. Perry"]?

2. Whether [the] PCRA court erred in denying relief based on [] trial counsel's ineffectiveness for failing to call Farren Sweeney [("Sweeney") to testify at trial]?

3. Whether [the] PCRA court erred in denying relief based on [] trial counsel's ineffectiveness for failing to call Jayron Perry [("Jayron") to testify at trial]?

4. Whether [the] PCRA court erred in denying relief based on [] trial counsel's ineffectiveness for failing to provide [James] with discovery[,] so that [James] could aid in [the] preparation of his defense?

5. Whether [the] PCRA court erred in denying relief based on [] trial counsel's ineffectiveness for failing to object with regard to the trial court's jury instructions placing undue emphasis on three types of homicide?

*Turner/Finley* Brief at 4 (issues renumbered and reformatted for ease of disposition).

Prior to addressing James's claims on appeal, we must address Attorney Heller's Petition to Withdraw as counsel. Pursuant to

- 3 -

*Turner/Finley*, an independent review of the record by competent counsel is required before withdrawal on collateral appeal is permitted. *See Commonwealth v. Pitts*, 981 A.2d 875, 876 n.1 (Pa. 2009). In *Pitts*, our Supreme Court explained that such independent review requires proof of the following:

1. A "no-merit" letter by PCRA counsel detailing the nature and extent of his review;

2. The "no-merit" letter by PCRA counsel listing each issue the petitioner wished to have reviewed;

3. The PCRA counsel's "explanation," in the "no-merit" letter, of why the petitioner's issues were meritless;

4. The PCRA court conducting its own independent review of the record; and

5. The PCRA court agreeing with counsel that the petition was meritless.

*See id*. Further, our Court has held that the Supreme Court in *Pitts* did not expressly overrule the additional requirement imposed by this Court in *Commonwealth v. Friend*, 896 A.2d 607, 615 (Pa. Super. 2006), stating

> that PCRA counsel seeking to withdraw contemporaneously forward to the petitioner a copy of the application to withdraw that includes (i) a copy of both the "no-merit" letter, and (ii) a statement advising the PCRA petitioner that, in the event the trial court grants the application of counsel to withdraw, the petitioner has the right to proceed *pro se*, or with the assistance of privately retained counsel.

*Commonwealth v. Widgins*, 29 A.3d 816, 818 (Pa. Super. 2011).

Here, in the *Turner/Finley* brief, Attorney Heller described the extent of her review, identified the issues that James seeks to raise, and explained

why the issues lack merit. In addition, Attorney Heller provided James with a notice of her intention to seek permission to withdraw from representation, a copy of the **Turner/Finley** brief, and advised James of his rights in lieu of representation. Thus, we conclude that Attorney Heller has substantially complied with the requirements necessary to withdraw as counsel. **See Commonwealth v. Karanicolas**, 836 A.2d 940, 947 (Pa. Super. 2003) (holding that substantial compliance with the requirements to withdraw as counsel will satisfy the **Turner**/**Finley** criteria). We now independently review James's claims to ascertain whether they entitle him to relief.[5]

In reviewing the denial of a PCRA Petition, we examine whether the PCRA court's determination "is supported by the record and free of legal error." **Commonwealth v. Rainey**, 928 A.2d 215, 223 (Pa. 2007) (citations omitted). The PCRA court's credibility determinations are binding on this Court when they are supported by the record. **See Commonwealth v. Johnson**, 966 A.2d 523, 532, 539 (Pa. 2009). However, this Court applies a *de novo* standard of review to the PCRA court's legal conclusions. **See Commonwealth v. Rios**, 920 A.2d 790, 810 (Pa. 2007).

To succeed on an ineffectiveness claim, James must demonstrate by the preponderance of the evidence that

> (1) the underlying legal claim was of arguable merit; (2) counsel had no reasonable strategic basis for his action or inaction; and (3) the petitioner was prejudiced -- that is, but for counsel's

---

[5] We note that James has filed neither a *pro se* brief nor retained alternate counsel for this appeal.

deficient stewardship, there is a reasonable likelihood the outcome of the proceedings would have been different.

***Commonwealth v. Pierce***, 527 A.2d 973, 975 (Pa. 1987). A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim. ***Commonwealth v. Martin***, 5 A.3d 177, 183 (Pa. 2010). Counsel is presumed to be effective and the burden is on the appellant to prove otherwise. ***Commonwealth v. Hanible***, 30 A.3d 426, 439 (Pa. 2011).

In his first issue, James contends that trial counsel was ineffective for failing to interview Ms. Perry. ***Turner/Finley*** Brief at 24. James asserts that, had his trial counsel interviewed Ms. Perry, her testimony could have been favorable to James. ***Id***. at 25.

> There are two requirements for relief on an ineffectiveness claim for a failure to present witness testimony. The first requirement is procedural. The PCRA requires that, to be entitled to an evidentiary hearing, a petitioner must include in his PCRA petition "a signed certification as to each intended witness stating the witness's name, address, date of birth and substance of testimony." 42 Pa.C.S.A. § 9545(d)(1); Pa.R.Crim.P. 902(A)(15). The second requirement is substantive. Specifically, when raising a claim for the failure to call a potential witness, to obtain relief, a petitioner must establish that: (1) the witness existed; (2) the witness was available; (3) counsel was informed or should have known of the existence of the witness; (4) the witness was prepared to cooperate and would have testified on defendant's behalf; and (5) the absence of such testimony prejudiced him and denied him a fair trial.

***Commonwealth v. Reid***, 99 A.3d 427, 438 (Pa. 2014). "Failure to substantially comply with the requirements of [section 9545(d)(1)] shall

render the proposed witness's testimony inadmissible." 42 Pa.C.S.A. § 9545(d)(1).

At the evidentiary hearing conducted by the PCRA court, James's PCRA counsel conceded that James's ineffectiveness claim relating to Ms. Perry lacked merit, as (1) no certification had been made for that witness, in violation of 42 Pa.C.S.A. § 9545(d)(1) and Pa.R.Crim.P. 902(A)(15); and (2) she did not appear at the PCRA hearing. **See** N.T., 9/8/14, at 124-25. Thus, the record supports the PCRA court's denial of James's first ineffectiveness claim, as related to Ms. Perry, based on James's failure to satisfy the procedural requirements of section 9545(d)(1) and Rule 902(A)(15). **See Reid**, 99 A.3d at 438.[6]

---

[6] Even if James had satisfied the procedural requirements of his ineffectiveness claim relating to Ms. Perry, we would have concluded that he failed to satisfy the substantive requirements for his claim. Trial counsel testified that Ms. Perry, who was the Commonwealth's main witness at trial, provided two different versions of the shooting to law enforcement prior to the preliminary hearing, and then provided a "totally different" version of the shooting at the preliminary hearing. N.T., 9/8/14, at 27-29; **see also id**. at 35 (wherein trial counsel testified that Ms. Perry "probably gave five different versions."). Trial counsel further testified that he deliberately chose not to interview Ms. Perry so that he could use her inconsistent statements to destroy her credibility during her cross-examination at trial. **Id**. at 29. Trial counsel indicated that, consistent with his trial strategy, he, in fact, discredited Ms. Perry at trial, and that a decision to interview her prior to trial would have been "foolish." **Id**. at 28-30. Thus, even if James had satisfied the procedural requirements of 42 Pa.C.S.A. § 9545(d)(1) and Pa.R.Crim.P. 902(A)(15), he nevertheless failed to establish that trial counsel had "no reasonable strategic basis" for not interviewing Ms. Perry, or that, if trial counsel had interviewed Ms. Perry, "there is a reasonable likelihood the outcome of the proceedings would have been different." **Pierce**, 527 A.2d at 975.

In his second issue, James contends that trial counsel was ineffective for failing to call Sweeney to testify at trial. ***Turner/Finley*** Brief at 21.[7]

At the PCRA hearing, trial counsel testified that he never attempted to locate or interview Sweeney because he was never provided with her name. N.T., 9/8/14, at 27. However, James testified that he provided Sweeney's name to trial counsel's assistant in a telephone conversation. ***Id***. at 105. Additionally, James's mother, Lorraine Thompson ("Thompson"), testified that she provided Sweeney's name, number and address to trial counsel, identifying Sweeney as a potential witness for her son's defense. ***Id***. at 80-81, 95. Sweeney testified that, although she was present at the time of the shooting, she never went to the police or reported what she saw. ***Id***. at 73. Sweeney further testified that no one had ever asked her to testify at James's trial, and that if she had been asked to testify, she would *not* have been willing to testify. ***Id***. at 66, 68.

Based on the evidence, we conclude that, even if trial counsel had been "informed or should have known of the existence of" Sweeney, James failed to establish that Sweeney "was prepared to cooperate and would have testified on [James's] behalf." ***Reid***, 99 A.3d at 438. Therefore, the record

---

[7] We observe that PCRA counsel provided a signed certification for Sweeney, in compliance with 42 Pa.C.S.A. § 9545(d)(1) and Pa.R.Crim.P. 902(A)(15).

supports the PCRA court's denial James's second ineffectiveness claim, as it relates to Sweeney.[8]

In his third issue, James contends that trial counsel was ineffective for failing to call Jayron to testify at trial. **Turner/Finley** Brief at 21.

Initially, we observe that James failed to provide a certification for Jayron, in violation of 42 Pa.C.S.A. § 9545(d)(1) and Pa.R.Crim.P. 902(A)(15). **See** N.T., 9/8/14, at 7-8, 11-12. Moreover, Jaryon failed to appear at the PCRA hearing, despite being subpoenaed to appear by James's PCRA counsel. **See id**. at 18, 76, 116, 133. Thus, the record supports the PCRA court's denial of James's third ineffectiveness claim, as related to Jayron, based on James's failure to satisfy the procedural requirements of

---

[8] Notably, Sweeney testified that, prior to the PCRA hearing, at the request of Thompson, she lied to PCRA counsel, and signed a statement wherein she falsely certified that she saw the victim holding a gun prior to the shooting. N.T., 9/8/14, at 51-62, 70. At the PCRA hearing, Sweeney admitted that she did not see either James or the victim carrying a gun prior to the shooting. Thus, James cannot establish that, if trial counsel had called Sweeney as a witness at trial, her testimony (*i.e.*, that she did not see either James or the victim carrying a gun prior to the shooting) would have changed the outcome of the proceedings. **See Pierce**, 527 A.2d at 975.

section 9545(d)(1) and Rule 902(A)(15). **See Reid**, 99 A.3d at 438.[9]

In his fourth issue, James contends that trial counsel was ineffective for failing to "disclose, produce and review discovery materials" with James prior to trial, resulting in James's inability to assist in the preparation of his defense. **Turner/Finley** Brief at 17.

Here, trial counsel testified that he met with James several times, including prior to and after the preliminary hearing, prior to various other hearings, to prepare James for his testimony, and to review discovery with him. **See** N.T., 9/8/14, at 16-17, 35. Trial counsel also communicated with James by telephone. **Id**. at 33. Trial counsel testified that he did not provide James with the discovery because he generally does not do so in order to protect his incarcerated clients from other inmates, who might inadvertently see the discovery and use the information contained therein to the client's disadvantage. **Id**. at 33-34. Trial counsel further testified that,

_____

[9] Even if James had satisfied the procedural requirements of his ineffectiveness claim relating to Jayron, we would have concluded that he failed to satisfy the substantive requirements for his claim. Here, trial counsel testified that he attempted to locate and interview Jayron prior to the preliminary hearing, and that he had enlisted James's family and friends to assist him in locating Jayron. N.T., 9/8/14, at at 23. According to trial counsel, despite the fact that "Coatsville is a small area," "no one could find [Jayron]," as he was either "hidden by his mother, [Ms.] Perry," or "he didn't want to be found." **Id**. at 23, 38. Trial counsel indicated that, had he been able to locate Jayron, he would have put him on the witness stand. **Id**. at 38. Based on the evidence, we conclude that, even if James had satisfied the procedural requirements of 42 Pa.C.S.A. § 9545(d)(1) and Pa.R.Crim.P. 902(A)(15), he nevertheless failed to establish that Jayron was "available" to testify, or that he "was prepared to cooperate and would have testified on [James's] behalf." **Reid**, 99 A.3d at 438.

had James requested the discovery, he would have provided it to him. *Id*. at 34-35. James, on the other hand, testified that he met with trial counsel only once, on the night before his trial started. *Id*. at 102, 106. Additionally, James testified that, prior to his trial, he spoke with trial counsel four or five times, and spoke with his assistant ten times, and that "every single time" he requested his discovery, but trial counsel never provided it to him. *Id*. at 103. James testified that he was provided with a copy of his discovery prior to the PCRA hearing, and that he had reviewed the discovery. *Id*. at 110. James testified that, based on his review of the discovery, the only piece of evidence that he found in his discovery that he believed could have changed the outcome of his case was Jayron's grand jury testimony.[10] *Id*. at 111.

Based on the evidence, we conclude that James has failed to establish that trial counsel rendered ineffective assistance by failing to provide James with the discovery. As noted above, James failed to establish that Jayron was "available" to testify, or that he "was prepared to cooperate and would have testified on [James's] behalf." *See Reid*, 99 A.3d at 438. Thus, even if James had been able to review of Jayron's grand jury testimony prior to trial, he has failed to show that there is "there is a reasonable likelihood that the outcome of the proceedings would have been different." *Pierce*, 527

---

[10] Jayron testified to the grand jury that, right before the shooting, the victim told Jayron that "Flock" was threatening to take the victim's life and that the victim "might have to shoot [Flock]." N.T., 9/8/14, at 19-22.

A.2d 973, 975.[11] Therefore, the record supports the PCRA court's denial of James's ineffectiveness claim based on trial counsel's failure to provide the discovery to him.

In his final issue, James contends that trial counsel was ineffective for failing to object to the trial court's wording of the jury instruction specifying the three types of criminal homicide. Brief for Appellant at 25. James asserts that the trial court should have "offered the jury the 'fourth option which is just not guilty by way of justification.'" *Id*. (citing N.T., 9/8/14, at 125-26).

When the trial court instructed the jury, it read, verbatim, the 2012 Pennsylvania Suggested Standard Criminal Jury Instruction § 15.2501A regarding criminal homicide. *See* N.T., 11/14/11, at 679-81. The trial court also read, verbatim, the 2012 Pennsylvania Suggested Standard Criminal Jury Instruction § 9.501 regarding justification (use of deadly force in self-defense). *See* N.T., 11/14/11, at 674-78.

Because our review of the record discloses that the trial court specifically instructed the jury on justification, the legal claim underlying James ineffectiveness claim lacks arguable merit. *See Pierce*, 527 A.2d at 975; *see also Martin*, 5 A.3d at 183 (stating that a failure to satisfy any

---

[11] We observe that, even if Jayron had been located and testified at trial, James has failed to establish that Jayron's trial testimony would have been favorable to James's case. According to trial counsel, Jayron's trial testimony could have been damaging to James's case, given that Jayron described the victim as his "best friend" who was "almost like a brother" to Jayron. *See* N.T., 9/8/14, at 20, 38-39.

- 12 -

prong of the test for ineffectiveness will require rejection of the claim). Therefore, the record supports the PCRA court's denial of James's ineffectiveness claim based on trial counsel's failure to object to the trial court's jury instruction on criminal homicide.

For the foregoing reasons, we conclude that the PCRA court's determination is supported by the record and free of legal error. Accordingly, we grant Attorney Heller's Petition to Withdraw, and affirm the PCRA court's Order.

Petition to Withdraw granted. Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/11/2015